# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HERBERT BROWN,** : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-08-2177 |
| v. : | |
| : | (Judge Caputo) |
| **DAVID J. EBBERT,** : | |
| : | |
| Respondent : | |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Herbert Brown, an inmate formerly housed at Allenwood Federal Correctional Institution, in White Deer, Pennsylvania, has filed the above captioned *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Mr. Brown challenges the validity of Commonwealth of Virginia state detainer. Petitioner asserts that the State of Virginia relinquished its jurisdiction over him when it released him to the custody of the District of Columbia. Mr. Brown seeks the removal of his detainer so he may be released after completing his present District of Columbia Superior Court Sentence. (Doc. 1, Pet.)

On January 28, 2010, the Respondents filed a Suggestion of Mootness in this matter based on Mr. Brown's August 7, 2009, release from the Bureau of Prison's custody. (Doc. 10.) A review of the BOP's Inmate Locator database confirms that Mr. Brown was released from BOP custody on August 7, 2009. *See* www.bop.gov. For the reasons set forth below, the § 2241 petition will be dismissed as moot.

Generally, once a habeas corpus petitioner is released from custody, a District Court's authority to adjudicate the controversy is called into doubt. *See Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982); *Scott v Schuylkill FCI*, 298 Fed. Appx. 202 (3d Cir. 2008). However, a petition is not moot if the released prisoner can show that the challenged conviction will cause him to suffer some future collateral consequences. *Lane,supra* ; *Carafas v. Lavalle*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). The relevant inquiry in such a scenario becomes whether the case still presents a case or controversy under Article III, § 2 of the United States Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Rendell v. Rumsfeld*, 484 F.3d 236, 240-241 (3d Cir. 2007). Collateral consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction. *Spencer*, 523 U.S. at 7-8, 118 S.Ct. at 983. By contrast, when a challenge to the execution of a sentence that has already been served is at issue, collateral consequences will not be presumed. *Spencer*, 523 U.S. at 12 - 14, 118 S.Ct. at 985-986. *See also Burkey* , 556 F.3d at 148-49 (in habeas action, "[o]nce a sentence has expired ... some continuing injury, also referred to as collateral consequences, must exist for the action to continue.") Thus, the central inquiry is whether it is "likely" that the injuries claimed by the petitioner can be redressed by a favorable judicial decision. *United States v. Kissinger*, 309

F.3d 179, 180 (3d Cir. 2002).

In the instant case, as Mr. Brown has been released from BOP custody, claims concerning aspects of his BOP custody are now moot. Accordingly, the instant Petition must be dismissed for lack of case or controversy.

**ACCORDINGLY, THIS  12th  DAY OF FEBRUARY, 2010, IT IS HEREBY ORDERED THAT:**

    1. The petition for writ of habeas corpus (Doc. 1) is dismissed as moot.

    2. The Clerk of Court is directed to close this file.

        **/s/ A. Richard Caputo**
        **A. RICHARD CAPUTO**
        **United States District Judge**